PIERCE *v.* SMITH.

1. TRUSTS—SUPPORT OF BENEFICIARY.
   Trustee *ex maleficio* of trust fund is not entitled to any part of corpus of fund for support of beneficiary who was entitled to one-half of income for that purpose, especially where he was allowed all of the income, and no application was ever made to court for further allowance.

2. EXECUTORS AND ADMINISTRATORS—PARTIES—TRUSTS—CONSTRUCTIVE TRUST.
   Where court decree constituted fund constructive trust in hands of husband and wife, estate of deceased wife was not necessary party to suit against husband to enforce trust.

3. TRUSTS—CONSTRUCTIVE TRUST—BONDS.
   Where court decree adjudged certain funds to be constructive trust in hands of holders and ordered same to be turned over on execution of bond, existence of trust did not await giving of bond, and trust did not fail because bond was not given.

Appeal from Eaton; McPeek (Russell R.), J. Submitted November 5, 1930. (Docket No. 181, Calendar No. 34,947.) Decided January 7, 1931.

Bill by Emma Mae Pierce against Edward L. Smith and another to enforce a trust and for an accounting. Decree for plaintiff. Defendant Smith appeals. Affirmed.

*Burton G. Cameron* and *Elmer N. Peters,* for plaintiff.

*Howard W. Cavanagh* and *Joseph W. McAuliffe,* for defendant Smith.

WIEST, J. In April, 1917, a decree was entered in the circuit court for the county of Eaton, in chancery, adjudging plaintiff herein to be the equitable owner of $3,400 in money, and a note for $4,600, secured by a mortgage on real estate, in the

hands of defendant Edward L. Smith and his then wife, Cora A. Smith, and ordered the same to be turned over by them to plaintiff upon execution of a bond by plaintiff in the sum of $10,000, to insure the keeping of the fund intact during the lifetime of Margaret C. Pierce, who was given one-half of the income for her support. In the course of this opinion we speak of the money, note, and mortgage as the fund. The bond was not given and the fund was not turned over to plaintiff. Mrs. Pierce having died, plaintiff filed the bill herein to obtain the fund. Mrs. Cora A. Smith is also dead. Defendant Smith appealed from a decree ordering him to transfer the fund to plaintiff.

The record discloses that the decree in 1917 was based upon a finding that the fund was procured by Edward L. and Cora A. Smith in fraud of plaintiff, and the decree constituted the fund a constructive trust fund with Edward L. and Cora A. Smith, trustees *ex maleficio.*

Margaret C. Pierce, life beneficiary of one-half of the income from the trust fund, lived with defendant Smith up to the time of her death, and Mr. Smith claims that a reasonable charge for her care and keep exceeds the amount of the trust fund, and he should be permitted to keep the fund. The court allowed credit to Mr. Smith of all the income. The 1917 decree provided:

"If it should become necessary for the comfortable support and maintenance of said Margaret C. Pierce that she be given a larger allowance of said income, she be and hereby is permitted and authorized to apply to this court for a further allowance out of said fund."

No such application was ever made. Mrs. Pierce also received a pension. Defendant Smith, as a trustee *ex maleficio,* can be awarded no part of the

corpus of the fund the court of equity decreed to belong to plaintiff. We think the receipt by him of the income was all the credit he was entitled to have. The note and mortgage were taken in the names of Edward L. Smith and Cora A. Smith, and it is claimed that the estate of Cora A. Smith is a necessary party to this suit.

The 1917 decree divested all rights of the Smiths to the fund and vested the same in the plaintiff herein subject to the right of Mrs. Pierce to have one-half of the income, and directed a transfer by Edward L. and Cora A. Smith to plaintiff upon the execution of the mentioned bond, and, if they refused or neglected to make the transfer, then a copy of the decree might be recorded to operate as such. A copy of the decree was recorded. The fund is still intact. The estate of Cora A. Smith has no interest in the fund and was not a necessary party to this suit. The surviving trustee can and must obey the decree.

It is claimed, in behalf of defendants, that "The trust sought to be created by the first decree never came into existence." Counsel is in error. The court of equity declared the trust, and, until the bond was given or Mrs. Pierce died, Edward L. Smith held the fund as trustee *ex maleficio.* The trust did not await the giving of the bond for the bond was only to keep the trust fund intact if and when turned over to the plaintiff herein.

The trust has not failed. We find no laches barring plaintiff from recovering the fund.

Defendant Grohens was dropped from the case.

The decree is affirmed, with costs against defendant Edward L. Smith.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred. NORTH, J., did not sit.